UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON THOMPSON, | : |
| Petitioner, | : Civ. No. 13-0099 (RBK) |
| v. | : **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

Petitioner is a federal prisoner proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  In 2010, petitioner pled guilty to one count of possession of a firearm by a convicted felon.  On January 25, 2011, he was sentenced to 104 months imprisonment.  The United States Court of Appeals for the Third Circuit affirmed the judgment and conviction on October 4, 2011.  *See United States v. Thompson*, 446 F. App'x 511 (3d Cir. 2011).

In January, 2013, the Court received petitioner's § 2255 motion.  He argues that counsel was ineffective during the pre-trial plea proceedings by failing to investigate the facts and law concerning his stop and search that led to his arrest.  Respondent has answered the petition making two primary arguments.  First, respondent contends that petitioner has waived his right to file this collateral attack to his judgment and conviction.  Second, respondent argues that petitioner's ineffective assistance of counsel claim can be denied on the merits.

It is potentially possible that petitioner may be able to overcome the waiver in light of his ineffective assistance of counsel claim.[1]  *See United States v. Shedrick*, 493 F.3d 292, 298 n.6 (3d Cir. 2007).  In light of this possibility, respondent's merits argument takes on greater

---

[1] This statement should not be construed as an affirmative finding by this Court at this stage of the proceedings that petitioner has overcome that waiver, only that it is potentially possible.  The Court reserves a decision on the waiver issue at this time.

1

significance.  In asserting that petitioner's ineffective assistance of counsel lacks merit, respondent argues in cursory fashion that he has failed to show prejudice because there is no colorable claim that the stop and arrest violated his Fourth Amendment rights.  In so arguing, respondent cites to the pre-sentence report.  However, the pre-sentence report has not been filed by the respondent.  Therefore, the respondent shall be ordered to file the pre-sentence report within thirty days of this Order.[2]

In addition to filing the pre-sentence report, the Court will order respondent to file a supplemental answer that discusses petitioner's ineffective assistance of counsel claim on the merits more comprehensively.  This supplemental answer shall specifically address more extensively than the original answer whether petitioner has shown prejudice on his ineffective assistance of counsel claim.  Furthermore, it shall include specific citations to the record as well as applicable citations to relevant federal case law for why respondent claims there is no colorable claim that the stop and arrest violated petitioner's Fourth Amendment rights.  Petitioner shall be given an opportunity to file a reply to this supplemental answer should he elect to do so.

Accordingly, IT IS on this   25th  day of  November, 2014,

ORDERED that respondent shall file the pre-sentence report as cited in the answer to the § 2255 motion within thirty (30) days of the date of this Order; and it is further

ORDERED that respondent shall file a supplemental answer that more comprehensively addresses petitioner's ineffective assistance of counsel claim (particularly the prejudice prong) on the merits within thirty (30) days of the date of this Order; and it is further

---

[2] Respondent may seek to file the pre-sentence report under seal if it wishes.

ORDERED that petitioner may file a reply to respondent's supplemental answer within thirty (30) days of the date the supplemental answer is filed.

<u>s/Robert B. Kugler</u><br>
ROBERT B. KUGLER<br>
United States District Judge

Case 1:13-cv-00099-RBK   Document 13   Filed 11/26/14   Page 3 of 3 PageID: 165